UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

| | |
|---|---|
| CALIFORNIA CASUALTY INDEMNITY EXCHANGE, )<br>)<br>Plaintiff, )<br>)<br>VS. )<br>)<br>)<br>KENNETH MEEK and TANNA MEEK, )<br>Individually and as Next Friends of Their )<br>Minor Child, BENJAMIN MEEK )<br>)<br>Defendants. ) | Civil No. 05-333-GFVT<br><br>**OPINION & ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court for consideration of the Plaintiff's motion for default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. [Record No. 3]. In support of the motion, the Plaintiff has submitted a memorandum of law. For the reasons set forth below, the motion is granted in part and denied in part.

The Plaintiff filed its Complaint seeking a declaratory judgment be "entered in Plaintiff's favor against Defendants Kenneth Meek and Tanna Meek, individually and as next friends of the minor child, Benjamin Meek, finding that the insurer [Plaintiff] has no obligation and the insureds [Defendants] have no right to recover personal injury protection or uninsured motorist benefits as a result of the subject accident [occurring on or about April 9, 2005]." [Record No. 1]. As part of its Complaint and in support of its request for judgment, the Plaintiff tendered copies of the Meeks' insurance policy and declarations page. [Id., Attachment 1]. Two summonses were returned to the Clerk of the Court, each having been executed via certified mail, to Kenneth Meek and to Tanna Meek, on October 26, 2005. [Record No. 2 & 3]. When no response was filed by the Defendants,

either individually, or as next friends of their minor child, the Plaintiff moved for entry of default judgment. [Record No. 7].

On January 23, 2006, the clerk of the court made an entry of default against Kenneth Meek and Tanna Meek pursuant to Rule 55(a) of the Federal Rules of Civil Procedure [Record No. 8].[1] Since that time, the Defendants have failed to take any action in this case. Accordingly, Kenneth Meek and Tanna Meek, as individuals, having been served with Summons and Complaint and not being an infant or an unrepresented incompetent person and having failed to plead or otherwise defend in this action, the Court finds that default judgment for the Plaintiff as to those two Defendants individually is proper.

The Court finds that entry of a default judgment against Benjamin Meek, a minor, is not appropriate here. Prior to entering default judgment against any party, the movant must demonstrate to the Court *first*, that the defaulting party has been served with summons and a copy of the complaint, and *second* that the defaulting party failed to answer or otherwise plead as required by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 55; Fed. R. Civ. P. 12. The Rules impose additional requirements before entering judgment against an infant: "no judgment by default shall be entered against an infant or incompetent person unless *represented* in the action by a general guardian, committee, conservator, or other such representative who has *appeared* therein." Fed. R. Civ. P. 55(b)(2) (emphasis added). Thus, there are three requirements for entry of default judgment against Benjamin Meek, a minor, in this case: (1) service of summons of process upon Benjamin or his representative; (2) failure of Benjamin or his representative to answer or otherwise plead; and

---

[1] Upon review of that entry, the Court finds that default was entered only as to Kenneth and Tanna Meek individually, and no entry of default was made as to the minor, Benjamin Meek. [Record No. 8]. To the extent such entry encompassed Benjamin Meek or could be interpreted as such, it is hereby set aside for good cause shown pursuant to Fed. R. Civ. 55(c).

(3) an appearance in the action by Benjamin or his representative. While the Court finds that the Plaintiff has met the first two requirements, because no appearance has been made on Benjamin's behalf, the Court may not enter default judgment against him.

First, a federal court must look to the law of the state in the judicial district where it sits to determine whether an infant has been properly served. Fed. R. Civ. P. 4(g). Kentucky Civil Rule 4.04(3) provides that service upon an unmarried infant may be had by "serving his resident guardian or committee if there is one known to the plaintiff or, if none, by serving either his father or mother within this state. . . . " Further, it has been held that where a parent and child are both parties to an action, and the parent is the legal guardian of the child, it is not required that the parent be served two separate summonses for the parent individually and also as next friend or guardian of the child. *Skidmore v. Napier*, 292 Ky. 311, 166 S.W.2d 439, 441-442 (1942). Service of one summons upon the parent will constitute effective service for both. *See id.* In this case, both the minor, Benjamin, and his parents, Kenneth and Tanna, are defendants and service of a summons was executed on each parent individually. [Record No. 2 & 3]. Therefore, as the Court has no evidence that the parents are not Benjamin's legal guardians, it finds that service of process was affected upon Benjamin Meek, a minor, in accordance with Kentucky law.

Next, the Court must determine whether an appearance has been made by either representative on his behalf. While what constitutes an "appearance" is not the same in every case, it is clear that *some* action in defense of the case is required. *See Lutomski v. Panther Valley Coin Exchange*, 653 F.2d 270, 271 (6th Cir. 1981). Here, Kenneth nor Tanna Meek have done anything to defend this action, either on behalf of themselves or on behalf of Benjamin. As such, no appearance and/or defense have been made by a representative for him, and no default judgment can be entered against him. *See* Fed. R. Civ. P. 55(b)(2); *Smith v. Smith*, 255 Ky. 191, 72 S.W.2d 425,

427 (1934) (finding error where judgment was entered against minor when there had been no appearance and/or defense by a guardian on its behalf); *Simmons v. McKay*, 68 Ky. (5 Bush) 25, 1869 WL 6793 *1, *7 (1968) (same).

Accordingly, the Court finds that while Benjamin Meek may be *represented* by his parents in that they may have properly received service of process on his behalf, neither parent has *appeared* in this action to represent his interests as required by Fed. R. Civ. P. 55(b)(2) prior to entry of a default judgment. The Plaintiff's motion for default as to Benjamin Meek must be denied.

Finally, the Court is charged generally with the obligation to protect the interests of minors and may enter orders or appoint such guardians as is necessary for the protection of that interest. *See* Fed. R. Civ. P. 17(c); *Noe v. True*, 507 F.2d 9, 11 (6th Cir. 1974). Equally important, however, is this Court's reluctance to intervene in a parent-child relationship absent a showing that the parent cannot or would not represent their child's interest. The Plaintiff suggests that this Court should adopt a presumption that "nothing else appearing," a parent acts in the best interests of their child, even when that action results in a default judgment against the child. [Record No.7, Attachment 1]; *see Seibels, Bruce & Co. v. Nicke, et al*, 168 F.R.D. 542, 544 (M.D. N.C. 1996). In that case, however, the court noted that there were no facts indicating an interest of the minor in pursuing its rights. *See id.* at 544, fn 3.

Unlike *Nicke*, there are facts present here which give the Court some pause. Benjamin has indicated an interest in his rights under the insurance policy issued by the Plaintiff. For example, an attorney twice contacted the Plaintiff-insurer, on behalf of Benjamin, and made a significant claim for benefits under the policy. [Record No. 7, Attachment 1]. Presumably, the parents contacted that attorney on Benjamin's behalf. The parents now, in the face of Benjamin losing any potential rights under the policy, are not responding on his behalf in this action. Therefore, this

Court will require the parents of Benjamin Meek to show cause as to why they have not or should not represent the interests of their son in this matter. This Court believes such an Order strikes the appropriate balance of judicial respect for parental rights and an acceptance of its obligation to protect the interest of minors within its jurisdiction.

THEREFORE, the Court, having reviewed the Motion for Default Judgment, and being otherwise sufficiently advised, hereby **ORDERS** that the Plaintiff's Motion for Default Judgment is **GRANTED** in part and **DENIED** in part in accordance with this Order and the Court's Judgment entered contemporaneously herewith. Further, it is hereby **ORDERED** that the Defendants, Kenneth and/or Tanna Meek show cause within twenty days of the entry of this Order why one or both of them should not represent the interests of Benjamin Meek or why the Court should not appoint a guardian ad litem to represent those interests. A show cause order is entered contemporaneously herewith.

This 7th day of March, 2006.



Signed By:
*Gregory F. Van Tatenhove*
United States District Judge